UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON WUNNER,

    Plaintiffs,

v.                                                                               CASE NO.:

STRUNK FUNERAL HOMES, INC.,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Brandon Wunner ("Defendant" or "Wunner") by and through undersigned counsel and pursuant to 29 U.S.C. § 216(b), and files the following Complaint against Defendant Strunk Funeral Homes, Inc. ("Defendant" or "Strunk Funeral"), on behalf of himself, and shows this Court as follows:

INTRODUCTION

1. Defendant has unlawfully deprived Plaintiff, and all other employees similarly situated, of overtime during the course of their employment. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C § 201 *et seq.*, to recover all wages owed to Plaintiff, during the course of his employment.

PARTIES

2. During all times material hereto, Plaintiff was a resident of Indian River County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant Strunk Funeral was a Florida corporation and was transacting business within Indian River County, Florida, within the jurisdiction of

this Court. Strunk Funeral is headquartered and operates its principal location at 916 17th Street, Vero Beach, Florida 32960.

4. Defendant, Strunk Funeral, was Plaintiff's employer, as defined by 29 U.S.C § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5. All acts and omission giving rise to this dispute took place within Vero Beach, Florida, within the jurisdiction of this Court.

6. Defendant, Strunk Funeral, is headquartered and regularly transacts business in Indian River County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

7. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Defendant, Strunk Funeral, offers funeral memorial, aftercare, preplanning, and cremation services.

9. Defendant, Strunk Funeral employs individuals such as Plaintiff to oversee, direct, and coordinate all aspects of funeral services including body retrieval, body preparation, visitation, services, burials, cremations, as well as the sale of caskets, coffins, and cremation urns.

## FLSA COVERAGE

10. Defendant, Strunk Funeral, is covered under the FLSA through enterprise coverage, as Strunk Funeral was engaged in interstate commerce during all pertinent times in which Plaintiff is employed. More specifically, Strunk Funeral's business and Plaintiff's work for

Strunk Funeral affected interstate commerce because goods and materials Plaintiff and other employees used and/or handled on a regular and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant Strunk Funeral was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(B).

11. During his employment with Defendant, Strunk Funeral handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: caskets, coffins, memorial urns, and other tools and materials necessary to perform funeral and cremation services.

12. Defendant, Strunk Funeral, regularly employed twelve (12) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, Strunk Funeral's business an enterprise covered by the FLSA.

13. Upon information and belief, Defendant Strunk Funeral has grossed in excess of $900,000 in 2022, and it is expected to gross in excess of $1,000,000 in 2023.

## PLAINTIFF'S WORK FOR DEFENDANT

14. On or about March 2011, Defendant hired Plaintiff Wunner to begin working for Strunk Funeral to provide funeral services including body retrieval, body preparation, visitation, services, burials, cremations, as well as the sale of caskets, coffins, and cremation urns.

15. During his employment, Plaintiff regularly worked in excess of forty (40) hours per week but was not properly compensated in accordance with the FLSA for all the overtime hours he worked.

16. Defendants advised Plaintiff he was to be paid at a regular hourly rate of $25.96 per hour.

17. During his employment, Defendant regularly requested that Plaintiff Wummer work additional hours which included body retrieval and other related funeral services, often in excess of an additional ten hours per week.

18. However, Defendant failed to properly compensate Plaintiff or the hours he worked from 2020 to 2023.

19. Defendant was expressly aware of the work performed by Plaintiff, and it instructed and directed Plaintiff to perform all of this work. Nevertheless, Strunk required Plaintiff to continue working without receiving proper compensation for the hours worked during the relevant period of his employment.

## PLAINTIFF EXERCISES HIS RIGHT TO OVERTIME

20. In 2022, Plaintiff informed Defendant of Strunk Funeral's FLSA violations and failure to properly compensate him. Plaintiff specifically advised Defendant that he had not been properly paid for all of the hours that he had worked for Defendant.

21. At the time of Plaintiff's initial complaint of his rights to proper wages and overtime to Defendant Strunk Funeral, in July 2022, Plaintiff was no longer employed by Defendant.

22. To date, these overtime payments to Plaintiff remain due and owing.

23. Defendant, Strunk Funeral, was either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, intentionally violated federal law so that the Defendant could avoid having to pay Plaintiff his lawful wages.

24. As a result of Defendant's failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel to represent him in this matter and is therefore entitled to recover reasonable attorney's fees that he incurred during the litigation of these claims.

## COUNT I-FEDERAL OVERTIME WAGE VIOLATIONS

25. Plaintiff re-alleges, as if fully restated herein, Paragraphs 1 through 24 above.

26. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

27. During the time period relevant to this lawsuit, Plaintiff worked in excess of forty (40) hours per week, for which he was not properly compensated at a rate of time-and-one-half his regular hourly rate as required under the FLSA.

28. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

29. Plaintiff was to receive his regular hourly rate of $25.96 per hour.

30. Accordingly, Plaintiff is entitled to time-and-a-half overtime in the amount of $38.94 for each hour worked over forty (40) in any given workweek.

31. Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations during his employment.

32. Defendant intentionally and/or willfully violated the FLSA or was reckless and/or indifferent as to their compliance with federal overtime law. Plaintiff is entitled to liquidated (double) damages under federal law.

33. Defendant's efforts and policies were implemented, approved, enforced, and furthered by Strunk Funeral.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to be unpaid overtime compensation as required by 29 U.S.C. § 216 (b) and any such further damages as may be shown at the time of the trial.

35. Plaintiff has been required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover attorney's fees and costs under FLSA.

WHEREFORE, Plaintiff Brandon Wunner requests that this Court enter judgment in his favor and against Defendant Strunk Funeral, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by Defendant, Strunk Funeral; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and (c) any and all such other relief as this Court may deem just and equitable under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff Brandon Wunner requests and demands a trial by jury on all appropriate claims.

Submitted this 23rd day of February, 2023.

        Morgan Legal, P.A.

        <u>*/s/ Clive N. Morgan*</u>
        Florida Bar No. 357855
        6712 Atlantic Boulevard
        Jacksonville, FL 32211
        Telephone: (904) 508-0777
        cmorgan@clivemorgan.com

        *Attorneys for Plaintiff*